UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ISI CHITO LUSA YANANTA AKA WENC AKA WASTEUH MEHERRIN NATION,<br><br> Plaintiff,<br><br>v.<br><br>STATE OF INDIANA, et al.,<br><br> Defendants. | Case No. 3:18-cv-01259<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief Judge

## REPORT AND RECOMMENDATION

This matter is referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) and (B) to dispose or recommend disposition of pretrial motions. (Doc. No. 5.) Several pretrial motions are now pending, including a motion to dismiss for lack of personal jurisdiction filed by Defendants the State of Indiana, the Indiana Department of Child Services, Kamary Nunn, Shirley Perez, Nokwakhe Fuyana, Amy Foxworth, Cameron Yages, the Honorable Mark D. Stoner, Marion County Prosecutor's Office, Linda Major the City of Indianapolis, the Indianapolis Metropolitan Police Department, Ford Goble, and Matthew Morgan, Charles King, the Marion County Sheriff's Office, John R. Layton, the Marion County Public Defender's Office, Anny Alonso, and Travis Shields.[1] (Doc. No. 50.) Review of that motion has revealed a larger problem underlying Yananta's action; it appears that venue is not proper in this Court.

---

[1] Nunn, Perez, Fuyana, Foxworth, and Yages are employees of the State of Indiana or its Department of Child Services. Goble, Morgan, and King are employees of the City of Indianapolis or its police department. Layton was the Marion County Sheriff. Alonso and Shields were employees of the Marion County Public Defender's Office.

Accordingly, on June 6, 2019, the Magistrate Judge issued an order for pro se Plaintiff Isi Chito Lusa Yananta to show cause why this action should not be transferred to the United States District Court for the Southern District of Indiana under 28 U.S.C. § 1406(a). (Doc. No. 83.) Yananta has responded. (Doc. No. 87.) Because Yananta has not shown that venue is proper in this District, the Magistrate Judge will recommend that this action be transferred to the Southern District of Indiana.

## I. Factual and Procedural Background

As the Court has previously stated, this civil rights action stems from events that took place in Indianapolis, Indiana, between January 2018 and January 2019. Pro se Plaintiff Isi Chito Lusa Yananta, alleges that the State of Indiana wrongfully charged him with felony battery in January 2018 and deceived him into signing a no-contact order that prohibited him from seeing his daughter for several months. (Doc. No. 31.) Yananta refused to plead guilty, and the State of Indiana moved to dismiss all charges against him due to a lack of evidence in October 2018. (*Id.*) Yananta regained temporary custody of his daughter in April 13, 2018, but it was not until January 2019 that he received full legal and physical custody. (*Id.*) At all times relevant to this action, Yananta was a resident of Tennessee.

Yananta now alleges that the State of Indiana's wrongful prosecution of him and the resulting separation from his daughter caused him extreme suffering. (*Id.*) He has sued the Indiana Department of Child Services; the Sheriff's Office of Marion County, Indiana; the Marion County Prosecutor's Office; the Marion County Public Defender's Office; the Indianapolis Metropolitan Police Department; Woods Bail Bond Service and its employee, Theresa Woods; and various city, county, and state officials under 42 U.S.C. § 1983 and under state-law tort theories. (*Id.*)

**II.     Legal Standard**

The federal venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391; *see also Bullock v. Wash. Metro. Area Transit Auth.*, 943 F. Supp. 2d 52, 57 (D.D.C. 2013) (finding that because "Section 1983 contains no special venue provision[,] . . . the general venue provisions of 28 U.S.C. § 1391 apply" (alterations in original) (quoting *Urrutia v. Harrisburg Cty. Police Dep't.*, 91 F.3d 451, 462 (3d Cir. 1996))); *Garrett v. Warren*, No. 2:16-cv-2850, 2016 WL 6905975, at *1 (W.D. Tenn. Nov. 2, 2016) (explaining that § 1391 controls unless a specific venue statute applies).

When an action is filed in a court where venue is not appropriate, 28 U.S.C. § 1406(a) requires that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court may consider the propriety of venue sua sponte, especially where, as here, many of the defendants have moved to dismiss for lack of personal jurisdiction. *Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001); *see also Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980) (explaining that "1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought" and that

such an obstacle "may be either improper venue or lack of personal jurisdiction"). It is the plaintiff's burden to establish venue. *Receiver of Assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 890 (M.D. Tenn. 2010).

**III.     Analysis**

As the Court has already found, a review of Yananta's complaint shows that the great majority—if not the entirety—of the alleged acts that support Yananta's claims took place in Indianapolis, Indiana. In his amended complaint, Yananta brings claims of "child and parent abduction, child endangerment, child neglect, malicious prosecution, illegal/unlawful imprisonment without a warrant, official oppression, suppression, threats, duress, coercion and intimidation at gunpoint, [and] fraud upon the court." (Doc. No. 31.) All of Yananta's claims arise out of his prosecution in the Indiana state courts and the resulting actions taken by the Indiana Department of Children's Services. (*Id.*) Yananta states that all of the defendants are located or reside in Indianapolis. (*Id.*) It appears that the only reason Yananta filed his action in this Court is that he resides in the Middle District of Tennessee.

Yananta has not provided additional information or articulated any arguments in response to the Court's order to show cause to overcome the statutory direction that this case proceed in the Southern District of Indiana. Yananta agrees that venue is not appropriate in this District, but not for the reasons set out in § 1391. Instead, Yananta asserts that the only proper venue for this action is the United States District Court for the District of Columbia, which he considers "the only genuine Article III court sanctioned by Congress." (Doc. No. 87, PageID# 616.) While the basis for Yananta's claim of proper venue in the District of Columbia is difficult to discern from his filing, it appears it stems from his asserted status as a "foreign aborigine." (*Id.*) In Yananta's view,

4

transfer to the Southern District of Indiana "is simply a bilateral move to another court lacking Article III jurisdiction and lawful genuine Article III Judges."[2] (*Id.* at PageID# 613.)

Generally, a plaintiff may select "whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations) . . . ." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). The statutory limits placed on the plaintiff's choice of venue "'protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial.'" *Id.* at 63 n.7 (quoting *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183–84 (1979)). While Yananta's response addresses his interests in prosecuting this action in the District of Columbia, it does not address the relevant factors of the defendants' residence or where the events giving rise to this lawsuit occurred. Those factors uniformly indicate that venue is not proper in this Court and is proper in the Southern District of Indiana, to which this action should be transferred.

### IV. Recommendation

The Magistrate Judge RECOMMENDS that this action be TRANSFERRED to the United States District Court for the Southern District of Indiana as directed by 28 U.S.C. § 1406(a).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party

---

[2] Yananta asserts that the United States District Court for the Southern District of Indiana is "a territorial court, not an Article III Constitutional Court of Records." (Doc. No. 87, PageID# 617.) He further states that "United States District Courts are being used by Congress primarily to prevent the rendition of law and equity in national courts by masquerading as Article III courts. These courts are incapable of achieving justice because they are not Article III courts." (*Id.*)

who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 20th day of August, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge