UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ISI CHITO LUSA YANANTA AKA WENC AKA WASTEUH MEHERRIN NATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:18-cv-01259 ) |
| STATE OF INDIANA, et al., | ) ) |
| Defendants. | ) |

## ORDER

Magistrate Judge Newbern has entered a Report and Recommendation ("R&R") (Doc. No. 88) in which she recommends that this action be transferred to the United States District Court for the Southern District of Indiana. Instead of filing an Objection to the R & R, Plaintiff, purportedly on behalf of the Tali Baha Falahtuchi Okhina Nation Trust and State, has filed an "International FSIA [Foreign Sovereign Immunity Act] Immune Tribal State Affidavit." (Doc. No. 89).

Plaintiff's Affidavit is hardly a matter of clarity and difficult to decipher. At one point, he states this Court's "judicial practice is antithetical to the Law of Nations – going against non-derogable [sic] norms reflecting principles crucial to maintaining international legal order[.]" (Id. at 3). Later, he states that this Court could be "acting in its' [sic] lawful standing as an Article III Constitutional 'judicial' Court of record[]," or "is acting as a territorial administrative court." (Id. at 4). Plaintiff also "concludes that" the Southern District of Indiana and this Court "are both Article III constitutional courts having original jurisdiction or are both maritime administrative courts, [but] if the former is true, the Tali Baha Falahtuchi Okhina Nation [State] mandates that its' [sic] citizen's case is resolved in the United States District Court Middle District of Tennessee." (Id.

at 5) (bracket in original). Plaintiff then submits that "[o]nce KaSiKe Yananta Isi Chito Lusa's standing and status in law was established as an American Aborigine, foreign nation non resident inhabitant without the united States and his Citizenry abides in a separate and sovereign body politic, THE STATE OF TENNESSEE TENNESSEE [sic] MIDDLE DISTRICT COURT had duty to protect and enforce his rights under Jus Cogens International Law." (Id. at 6) (irregular capitalization in original). Finally, Plaintiff claims that his Complaint "must be resolved in the DISTRICT COURT OF THE UNITED STATES MIDDLE DISTRICT TENNESSEE Article III Constitutional Court (fictitiously known as THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE) to which has original jurisdiction, and shall beheld [sic] accountable for immediate resolution and remedy[.]" Id. at 7). From all of this, the Court gathers it to be Plaintiff's position that a transfer of this action to the Southern District of Indiana would somehow violate the FSIA.

There are more than a few fundamental problems with Plaintiff's position, however. First, when the FSIA applies, "it is the 'sole basis for obtaining jurisdiction over a foreign state in federal court.'" Samantar v. Yousuf, 560 U.S. 305, 313–14 (2010) (quoting Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989)). Plaintiff originally filed this suit as an "enrolled tribal member and citizen of Akawenc Aka Wasteuh Meherrin Nation, known publically as Hakeem Shabazz," (Doc. No. 1 at 1), and raised individual claims about alleged mistreatment of him by Defendants. If the FSIA even extends to individuals, it does so only when that individual is acting in an official capacity. Enahoro v. Abubakar, 408 F.3d 877, 881 (7th Cir. 2005); Velasco v. Indonesia, 370 F.3d 392, 398 (4th Cir. 2004); Park v. Shin, 313 F.3d 1138, 1144 (9th Cir. 2002). Second, even assuming this case had been brought by the Tali Baha Falahtuchi Okhina Nation Trust

and State – of which Plaintiff is an "enrolled member" and "an Aborigines American [Indian]" (Doc. No.31 at 1) – the FSIA applies to foreign states, not Indian tribes. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006); Piro-Harabedian v. Saginaw Chippewa Indian Tribe, No. 05-CV-72581-DT, 2005 WL 3163395, at *3 (E.D. Mich. Nov. 23, 2005); Frazier v. Turning Stone Casino, 254 F. Supp.2d 295, 303 (N.D.N.Y. 2003). Third, with certain exceptions not relevant here, the FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States," 28 U.S.C.A. § 1604, yet it is Plaintiff who invoked this Court's jurisdiction by filing suit here. Having done so, he is subject to the venue and transfer provisions set forth in the United States Code.

As Magistrate Judge Newbern observed, Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). She also found transfer to the Southern District of Indiana is in the interest of justice because (1) Plaintiff's Amended Complaint "shows that the great majority—if not the entirety—of the alleged acts that support [Plaintiff's] claims took place in Indianapolis, Indiana"; (2) "the claims arise out of his prosecution in the Indiana state courts and the resulting actions taken by the Indiana Department of Children's Services"; (3) "all of the defendants are located or reside in Indianapolis"; and (4) "[i]t appears the only reason [Plaintiff] filed his action in this Court is that he resides in the Middle District of Tennessee." (Doc. No. 88 at 4). Magistrate Judge Newbern's conclusion and recommendation is undoubtedly correct given the record before the Court.

Accordingly, the R&R (Doc. No. 88) is **APPROVED AND ADOPTED**; Plaintiff's

Affidavit (Doc. No. 89), construed as an Objection, is **OVERRULED**; and this case is hereby **TRANSFERRED** to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Upon transferring the file, the Clerk of the Court shall close this as a pending case in this district.

IT IS SO ORDERED.

                                                                        WAVERLY D. CRENSHAW, JR.
                                                                        CHIEF UNITED STATES DISTRICT JUDGE